United States District Court
Southern District of Texas
**ENTERED**
November 12, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MMA LAW FIRM, PLLC | § | |
| | § | CIVIL ACTION NO. 4:25-CV-5459 |
| *Plaintiff*, | § | |
| VS. | § | 4:26-CV-7387 |
| | § | 4:26-CV-7394 |
| NEW ORLEANS LEGAL, LLC and GULF COAST ATTORNEYS, LLC; | § | |
| | § | |
| | § | ADVERSARY NO. 25-3027 |
| *Defendants*. | | |

## ORDER

Currently Pending before this Court are Defendants New Orleans Legal, LLC and Gulf Coast Attorneys, LLC's (collectively "Defendants") requests to appeal two separate orders entered by the Bankruptcy Court in the underlying bankruptcy action. The first bears the case number 4:26-cv-07387 and is an appeal of a discovery order. The second bears the case number 4:26-cv-07394 and is an appeal of an order enforcing the Bankruptcy Court's scheduling order. Also pending before the Court—in cause 4:25-cv-5459—are three separate motions for summary judgment filed by Defendants. Defendants' motions for summary judgment, (4:25-cv-5459; Doc. Nos. 13, 15, 17), are **DENIED** without prejudice.

Leave to appeal the Bankruptcy Court's interlocutory orders is hereby **DENIED**. This Court's order staying the proceedings in the Bankruptcy Court pending appeal, (4:25-cv-5459; Doc. No. 12), is **VACATED**.

### I. Background

Pursuant to this Court's March 17, 2026 order adopting Judge Rodriguez's Report and Recommendations, (Doc. No. 3), all pretrial matters in this case are referred to the Bankruptcy

Court. That being said, Defendants have appealed, on an interlocutory basis, two of the Bankruptcy Court's orders to this Court, and this Court entered an order staying proceedings in the Bankruptcy Court until those appeals could be resolved.

## II. Analysis

The Court begins with the two appeals currently before this Court. "[28 U.S.C.] Section 158(a) authorizes a district court to grant leave to appeal an interlocutory order from a bankruptcy court . . . ." *Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991). "[T]he vast majority of district courts" faced with the problem of when to grant leave have applied the criteria of 28 U.S.C. § 1292(b). *Id.* "This standard consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Id.* The Court finds that none of these elements counsels granting leave to appeal in either case. Leave to appeal is therefore **DENIED** in causes 4:26-cv-07387 and 4:26-cv-07394.

This Court's order—entered in case 4:25-cv-5459—staying the proceedings in the Bankruptcy Court pending the resolution of the two appeals, (4:25-cv-5459; Doc. No. 12), is **VACATED**.

The Court now turns to the motions for summary judgment pending before this Court. As discussed above, all pretrial matters are—in accordance with this Court's prior order—to be resolved by the Bankruptcy Court.[1] That being the case, those motions, (Doc. Nos. 13, 15, 17), are **DENIED** without prejudice.

---

[1] Defendants may be correct in their assumption that this Court will eventually be required to resolve the issues presented by their motions for summary judgment when and if the losing side appeals to this Court. This is, however, somewhat beside the point: this Court has ruled that all pretrial matters are to first be addressed by Judge Rodriguez in the Bankruptcy Court. Whether those decisions are ultimately appealable to this Court does not change that established structure.

## III. Conclusion

For the foregoing reasons, leave to appeal is **DENIED** in causes 4:26-cv-07387 and 4:26-cv-07394. The motions for summary judgment filed in cause 4:25-cv-5459, (Doc. Nos. 13, 15, 17), are **DENIED** without prejudice. The two appeals that are presently in the district court (4:26-cv-07387 and 4:26-cv-07394) are **CLOSED**. This case (4:25-cv-5459) is re-referred to the Bankruptcy Court for all pretrial matters, the stay of those proceedings entered by this Court, (4:25-cv-5459; Doc. No. 12), is **VACATED**, and the case is closed.

The parties are to present to Judge Rodriguez for his consideration an agreed proposed scheduling order that will take this matter up to trial by November 24, 2026.

It is so ordered.

Signed on this the 12th day of November 2026.

Andrew S. Hanen
United States District Judge